[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO DISMISS
This is an action by Hilda Clark, a Connecticut resident, to recovery damages for personal injuries sustained when she was a passenger in a truck owned by her husband, Walter Clark, in an accident occurring on April 12, 2001, at a truck stop in Nashville, Tennessee. Defendants, Philip Mitchell, the other operator who is a resident of Missouri, and defendants Geo Transportation ("GT") and/or Dairy Farmers of America ("DFA"), the owners of the other truck corporations located in Missouri and Kansas respectively, move to dismiss on the ground of lack of personal jurisdiction, claiming the Connecticut longarm statute (General Statutes § 33-929) does not confer jurisdiction over them.
Plaintiff claims that the fact that she and her husband are residents of Connecticut and that she has received medical treatment here is sufficient to confer jurisdiction on these defendants under the statute.
Defendant Mitchell is a resident of Missouri, GT is a Missouri corporation and DFA is a Kansas corporation. The accident took place in Tennessee and no claim is made that any of the defendants were doing business in Connecticut in any conventional sense. The fact that the plaintiff resides in Connecticut and received medical treatment here would not be sufficient to make Connecticut the proper forum to litigate this case, let alone confer jurisdiction over these defendants. Stachowiak v.Hershey Entertainment Resort Co., Judicial District of Hartford No. CV 01-80914 (March 12, 2002, Wagner, J.); see also, Aponte v. Baez,31 Conn.L.Rptr. 329 (Wagner, J., Jan. 30, 2002).
Plaintiffs further claim that DFA was authorized to do business in Connecticut because it was granted a certificate of operating authority by the U.S. Department of Transportation is insufficient to meet the statutory requirements of our longarm statute. That permit authorized these carriers to "engage in transportation as a contract carrier by motor vehicle" in a number of northeast states, including Connecticut. CT Page 2578-bq
In support of her claim, plaintiff cites a superior court decision,Wender v. Trading Cove Associates, Superior Court, Judicial District of New London, Docket No. 549346, 1999 Ct. Sup. 6719 (May 21, 1999, Martin, J.).
That case involved an accident in Connecticut and a claim of jurisdiction over a foreign corporation on the ground that it had obtained an authorization from the Connecticut Secretary of State to transact business in the state. The court in dismissing the action, because the plaintiff had failed to meet her burden of proving such certification, indicated however that a foreign corporation which obtains such a certificate of authority "in fact consented to the exercise of jurisdiction by the courts of this state."
A certificate or permit from the U.S. Department of Transportation permitting DFA and/or GEO to operate its motor vehicles in all 48 continental states falls far short of the kind of consent to jurisdiction expressly provided in General Statutes § 33-929ff, when an out-of-state corporation seeks permission to do business in this state.
The Interstate Commerce Commission permit to DFA filed by the plaintiff with her objection to this Motion to Dismiss makes the permit effective upon "designation of agents upon whom process may be served," but no evidence has been offered that any agent for service in Connecticut had been designated.
This court observed in Stachowiak, supra that "A toll free number solicits Connecticut residents no more than it does the residents of the other forty-nine states." There is no claim that either of these defendants actually operated their motor vehicles in Connecticut or designated an agent for service in Connecticut.
Likewise the claim by plaintiff that cooperative members of DFA market their food products in Connecticut retail stores is not specific enough or otherwise sufficient to confer jurisdiction; this cause of action is not related to or did not arise out of such claimed distribution of food products.
This accident occurred in Tennessee and the laws of Tennessee should apply in its resolution in the courts.
Motion to dismiss is GRANTED.
Wagner, JTR CT Page 2578-br